UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TROY RANDOLPH | CIVIL ACTION |
| VERSUS | NO. 11-1282 |
| ASSISTANT DISTRICT ATTORNEY MATTHEW BOURQUE | SECTION "J" (2) |

# REPORT AND RECOMMENDATION

Plaintiff, Troy Randolph, is a prisoner currently incarcerated in the Rayburn Correctional Center in Angie, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Orleans Parish Assistant District Attorney Matthew Bourque alleging that he was forced to accept a plea agreement. Record Doc. No. 1 (Complaint & Memorandum in Support of Plaintiff's Complaint at pp. 3, 5-6).

Specifically, Randolph alleged in his complaint that "[t]here were six statutory offenses that supposedly were all nolle prosequi by the State on August 4, 2010, Section "K" of the Orleans Parish Criminal District Court. Subsequently, [plaintiff] was not released as shown in the Docket Master labeled as Exhibit (A). Instead, the plaintiff had/have been deceived and forced into a plea offering by the State." Id. at p. 5.

Plaintiff attached to his complaint a portion of the Docket Master of his Orleans Parish Criminal District Court case and a copy of a Memorandum in Support of Application for Post Conviction Relief and Evidentiary Hearing signed and apparently

submitted by plaintiff to the Orleans Parish Criminal District Court on May 2, 2011. Id. at pp. 7-20.

In the relief portion of his complaint, Randolph requests that the court "direct the State to order his release from State supervision; and, that he be awarded monetary damages in the amount fixed by the Court in light of the abuse of process, gross negligence and malfeasance in office by Assistant District Attorney Matthew Bourque. Plaintiff have/is experiencing an enormous amount of pain and suffering resulting from his illegal confinement." Id. at pp. 5-6.

## ANALYSIS

I. STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis

v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 complaint may be dismissed either under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule

12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading[1] or because it seeks monetary relief against a defendant who is immune.

II. PROSECUTORIAL IMMUNITY

Plaintiff has named Orleans Parish Assistant District Attorney Matthew Bourque as the only defendant in this case based solely upon his actions as a prosecutor in connection with state court criminal proceedings against Randolph. To the extent that Randolph asserts claims against the assistant district attorney in his individual capacity, Bourque is immune from suit.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988); accord Hill v. City of Seven Points, 31 Fed. Appx. 835, 2002 WL 243261, at *10 (5th Cir. 2002); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).

It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Quinn v. Roach, 326 Fed. Appx. 280, 2009 WL 1181072, at *9 (5th Cir. 2009); Hill, 2002 WL 243261, at *10. This immunity applies

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

to a prosecutor's actions in "initiating prosecution and carrying [a] criminal case through the judicial process." Id. (quotation omitted); accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993); Quinn, 2009 WL 1181072, at *9.

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)); accord Quinn, 2009 WL 1181072, at *9; Hill, 2002 WL 243261, at *10. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999), abrogated in part on other grounds by Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (quotation omitted); accord Champluvier v. Couch, 309 Fed. Appx. 902, 2009 WL 320829, at *1 (5th Cir. 2009); Hill, 2002 WL 243261, at *10.

In the instant case, the actions of a prosecutor in the district attorney's office concerning criminal charges against Randolph in Orleans Parish form the exclusive basis of plaintiff's claims against him. The assistant district attorney's actions in initiating and pursuing the prosecution of Randolph fall well within the ambit of the judicial phase of

the criminal process for which prosecutors are immune from liability. Plaintiff has failed to allege any actions in which the assistant district attorney was functioning outside the scope of prosecutorial immunity. Therefore, all damages claims, if any, against the Orleans Parish assistant district attorney in his individual capacity must be dismissed.

However, while prosecutors enjoy absolute immunity from damages liability, they are not immune from Section 1983 suits seeking injunctive relief. Supreme Ct. v. Consumers Union of U.S., Inc., 446 U.S. 719, 736-37 (1980) (citing Gerstein v. Pugh, 420 U.S. 103 (1975)). In this case, Randolph seeks declaratory and injunctive relief and his release from confinement.

Thus, the prosecutor is not immune from the declaratory and injunctive relief sought in the complaint. However, plaintiff's claims against the assistant district attorney are subject to dismissal with prejudice as legally frivolous or for failure to state a claim for which relief can be granted under Heck v. Humphrey, 512 U.S. 477 (1994), without prejudice to his ability to pursue his relief in the appropriate habeas corpus petition, as further addressed later in this recommendation.

III. HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

Read broadly, Randolph's complaint seeks declaratory, injunctive and monetary relief arising from alleged constitutional deficiencies in his state court criminal proceedings, including his guilty plea. All such claims must be dismissed at this time

under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479; Arnold v. Town of Slaughter, 100 Fed. Appx. 321, 2004 WL 1336637, at *3-4 (5th Cir. 2004); Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). Randolph's complaint indicates that, on August 4, 2010, he pled guilty to six (6) offenses and was sentenced to 10 years in prison, and that, at the time of filing this complaint, he was in custody in the Rayburn Correctional Center in Angie, Louisiana, Record Doc. No. 1, (Complaint and Memorandum in Support of Plaintiff's Complaint at ¶ III(A), pp. 3, 5, 8-9). The conviction that he challenges in this case has not been set aside in any of the ways described in Heck. Thus, any claims for relief that he asserts, undermining his continued confinement, are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## IV. HABEAS CORPUS CLAIMS

As noted above, Randolph's complaint in part challenges the very fact and duration of his confinement in connection with his conviction. Although his complaint is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, he clearly challenges the validity of his present

confinement and seeks his release. This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Randolph filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his conviction and confinement. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Randolph does not allege and there is no proof that he has exhausted his state court remedies in connection with his present incarceration. On the contrary, on the first page of his complaint, Randolph indicates that he has not begun any other lawsuits in state or federal court dealing with the same facts involved in this action. Record Doc. No. 1, Complaint at p.1, ¶ I.A. He does not indicate that he sought review of his conviction or sentence. Furthermore, research by staff of the undersigned magistrate judge with the Louisiana Supreme Court clerk's office indicates that Randolph has not sought review in the Louisiana Supreme Court. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to allow him to pursue state court appellate and post-conviction remedies concerning his criminal conviction, before returning to this court with a properly filed habeas corpus petition.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), or under Heck.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in plaintiff's 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to Randolph's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this 27th day of June, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

[2]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.